**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

| | |
|---|---|
| In re: | Civil No. 2008-145 |
| JEFFREY J. PROSSER | Re: Chapter 7 Case No. 06-30009 |
| Debtor. | |
| In re: | |
| INNOVATIVE COMMUNICATION CORPORATION, | Re: Chapter 11 Case No. 07-30012 |
| Debtor. | |
| STAN SPRINGEL and JAMES P. CARROLL, | |
| Plaintiffs, | |
| v. | Re: Adv. Proc. No. 07-03010 |
| JEFFREY J. PROSSER, DAWN PROSSER, SYBIL G. PROSSER, JUSTIN PROSSER, MICHELLE LABENNETT PROSSER, and LYNDON A. PROSSER, | |
| Defendants. | |
| STAN SPRINGEL, | |
| Plaintiff, | |
| v. | Re: Adv. Proc. No. 08-03004 |
| LYNDON A. PROSSER, MICHELLE LABENNETT PROSSER, SYBIL G. | |

```
PROSSER, and JOHN JUSTIN      )
PROSSER,                      )
                              )
            Defendants.       )
_____)
```

**ATTORNEYS:**

**Andrew Kamensky, Esq.**
Miami, FL
    *For Stan Springel,*

**Daniel C. Stewart, Esq.**
**James J. Lee, Esq.**
**Michaela C. Crocker, Esq.**
Dallas, TX
    *For Stan Springel,*

**Yann Geron, Esq.**
**Fred Stevens, Esq.**
New York, NY
    *For James P. Carroll,*

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
    *For Jeffrey J. Prosser,*

**Robert F. Craig, Esq.**
Omaha, NE
    *For Jeffrey J. Prosser,*

**Karin A. Bentz, Esq.**
**Christopher A. Kroblin, Esq.**
St. Thomas, U.S.V.I.
    *For Dawn Prosser.*

**Leigh F Goldman, Esq.**
St. Thomas, U.S.V.I.
    *For John Justin Prosser, Michael J. Prosser, Sybil G.*
    *Prosser, Michelle LaBennett Prosser, and Lyndon A Prosser,*

**Alan E Pedersen, Esq.**
Omaha, NE
    *For John Justin Prosser, Michael J. Prosser, Sybil G.*
    *Prosser, Michelle LaBennett Prosser, and Lyndon A Prosser,*

*In re: Jeffrey J. Prosser*
Civil No. 2008-145
Memorandum Opinion
Page 3

**Thomas F. Friedberg, Esq.**
San Diego, CA
    *For John Justin Prosser, Michael J. Prosser, Sybil G. Prosser, Michelle LaBennett Prosser, and Lyndon A Prosser.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is a document filed by Dawn Prosser ("Dawn Prosser" or "Prosser"), which is entitled "Motion to Withdraw Reference of Consolidated Adversaries." That document renews a previously addressed request to withdraw this Court's automatic reference to the United States Bankruptcy Court for the District of the Virgin Islands (the "Bankruptcy Division") of the above-captioned adversarial proceedings: *Springel, et al. v. Prosser, et al.*, Adversarial Proceeding. No. 07-3010, and *Springel v. Prosser, et al.*, Adversarial Proceeding No. 08-3004.[1]

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Because the Court has previously outlined the facts of these matters in related proceedings, the Court recites only those facts pertinent to its analysis in these motions.

Prosser has been named as a defendant in Adversarial Proceeding No. 07-3010. The plaintiffs in that case seek the

---

[1] Prosser's renewed motion was filed in Adversarial Proceeding No. 07-3010. There is no indication that Prosser moved for such relief in Adversarial Proceeding No. 08-3004.

*In re: Jeffrey J. Prosser*
Civil No. 2008-145
Memorandum Opinion
Page 4

recovery of alleged pre-bankruptcy petition fraudulent transfers and unauthorized post-bankruptcy petition transfers. Prosser has not been named as a defendant in Adversarial Proceeding No. 08-3004.

On November 17, 2008, Prosser moved for emergency relief to stay the trial of Adversarial Proceeding Nos. 07-3010 and 08-3004. In an abundance of caution, the Court granted that motion pending disposition of the renewed motion to withdraw the reference.

## II.  DISCUSSION

Section 157(d) provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). In determining whether "cause" exists for discretionary withdrawal under Section 157(d), courts are to consider four factors: (1) promoting uniformity in bankruptcy administration, (2) reducing forum-shopping, (3) fostering economical use of debtors' and creditors' resources, and (4) expediting the bankruptcy process. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).

## III.  ANALYSIS

In *Springel, et al. v. Prosser, et al.*, Adversarial Proceeding No. 07-3010, Prosser previously moved for withdrawal

*In re: Jeffrey J. Prosser*
Civil No. 2008-145
Memorandum Opinion
Page 5

of the reference, arguing that she is entitled to a jury trial. The Court denied that motion as untimely under Local Bankruptcy Rule 9015-1 ("Rule 9015-1").[2] *Springel v. Prosser*, Civ. No. 2008-76, 2008 U.S. Dist. LEXIS 64650 (D.V.I. Aug. 21, 2008). In a subsequent ruling, the Court concluded that Prosser's failure to comply with Rule 9015-1 resulted in a waiver of her right to a jury trial in the particular adversarial proceeding. *See Springel v. Prosser*, Civ. No. 2008-77, 2008 U.S. Dist. LEXIS 65437, at *6 (D.V.I. Aug. 22, 2008); *see also* LRB 9015-1(D) ("The failure to comply with this Local Bankruptcy Rule shall be deemed to be a waiver of trial by jury in the Bankruptcy Court.").

Prosser frames her renewed motion as one for reconsideration of this Court's denial of her first motion. Pursuant to Local

---

[2] The pertinent portion of Rule 9015-1 provides:

    C.    Within thirty (30) days of filing [a jury trial] demand the party making the demand shall file with the Clerk and serve on all parties in interest:

        1.    the consent of all parties to trial by jury in the Bankruptcy Court; or

        2.    a motion to withdraw the reference to the District Court. All proceedings shall continue in the Bankruptcy Court unless and until an order is issued by the District Court withdrawing the reference.

LRB 9015-1(C) (2007).

*In re: Jeffrey J. Prosser*
Civil No. 2008-145
Memorandum Opinion
Page 6

Rule of Civil Procedure 7.3,

> [a] party may file a motion asking the court to reconsider its order or decision.  Such motion shall be filed within (10) days after the entry of the order or decision unless the time is extended by the court.  Extensions will only be granted for good cause shown.  A motion to reconsider shall be based on:
>
> > 1. intervening change in controlling law;
> >
> > 2. availability of new evidence, or;
> >
> > 3. the need to correct clear error or prevent manifest injustice.

LRCi 7.3 (2008).

Here, Prosser waited until November 17, 2008 to move for reconsideration of the Court's August, 22, 2008, ruling.  Prosser makes no effort to show good cause for her delay.  As such, Prosser's motion for reconsideration is untimely.  Furthermore, Prosser does not argue that reconsideration is appropriate based on an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.[3]  Accordingly, Prosser's motion for

---

[3] In support of her motion for reconsideration, Prosser asserts that Rule 9015-1 does not appear in the most recent printed editions of the annotated version of the local rules of this Court.  However, the most recent version of the Local Bankruptcy Rules, which includes Rule 9015-1, became effective on June 8, 2007 and is available on the Court's website.  Prosser, like any other litigant in this Court, is duty-bound to stay abreast of the current rules of this Court.

Prosser also contends that Rule 9015-1(D), which provides that "[t]he failure to comply with this Local Bankruptcy Rule

*In re: Jeffrey J. Prosser*
Civil No. 2008-145
Memorandum Opinion
Page 7

reconsideration will be denied.

In *Springel v. Prosser, et al.*, Adversarial Proceeding No. 08-3004, the Chapter 11 trustee sued Dawn Prosser's children to recover alleged pre-bankruptcy petition fraudulent transfers and alleged unauthorized post-bankruptcy petition transfers. Although Dawn Prosser has not been named as a party in that proceeding, she has included that proceeding in her motion to withdraw the reference.  As a non-party, however, Dawn Prosser does not have standing to file a motion to withdraw the reference in that particular proceeding. *See*, *e.g.*, *Pitre v. Blanchard*, Civ. No. 96-0014, 1996 U.S. Dist. LEXIS 4368, at *4 n.4 (E.D. La. Mar. 27, 1996) (noting that because the party moving for withdrawal of the reference was not a party to the adversarial proceeding, "he has no standing to bring a motion to withdraw the reference of that action").

## IV.  CONCLUSION

For the foregoing reasons, the renewed motion to withdraw the reference in Adversarial Proceeding Nos. 07-3010 and 08-3004 will be denied.  Given the Court's rulings, there are no pending motions that purport to seek to withdraw the reference in those

---

shall be deemed to be a waiver of trial by jury in the Bankruptcy Court," LBR 9015-1(D), is unconstitutional.  That contention need not deter the Court, however, as it finds no support in law.

*In re: Jeffrey J. Prosser*
Civil No. 2008-145
Memorandum Opinion
Page 8

two proceedings.  Consequently, the stay issued by the Court on

December 4, 2008, will be lifted with respect to those two

proceedings.  An appropriate order follows.


                              S_____
                                 **Curtis V. Gómez**
                                  **Chief Judge**